IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:07-CR-42-FL-8
NO. 7:09-CV-43-FL

FILED

SEP 2 0 2010

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| JAMES ADOLPH BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On March 23, 2009, petitioner James Adolph Brown filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On December 18, 2009, the court dismissed petitioner's action as time-barred. The matter now is before the court on petitioner's motion for reconsideration (DE # 452) of this court's dismissal of his § 2255 petition and his motion to amend his § 2255 petition (DE # 453). For the following reasons, petitioner's motions are denied.

Although petitioner classifies his motion as a motion for reconsideration, the court treats it as a motion under Federal Rule of Civil Procedure 60(b). See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir.

1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

One of Rule 60(b)'s threshold requirements is that the movant demonstrate a meritorious claim or defense. Petitioner has not demonstrated a meritorious claim or defense to the court's dismissal of his action as time-barred. Instead, petitioner argues that he should be permitted to amend his original petition where he has "been researching his case and learned of other claims which should have been asserted in [his original] § 2255 motion." (Mot. for Reconsideration 3.) A motion to amend a § 2255 petition to assert new claims that could have been discovered through diligent research is insufficient to demonstrate a meritorious claim or defense to the court's dismissal of the original action.[1] Because petitioner is unable to meet Rule 60(b)'s requirements, his motion to reconsider is DENIED.

As for petitioner's request that he be permitted to amend his original § 2255 petition to add these newly discovered claims, this request is also without merit. As stated, the court dismissed petitioner's claim as time-barred, and petitioner's motion to amend sounds as an attempt to file a second or successive § 2255 petition. A prisoner cannot bring a second or successive § 2255 petition without certification from the court of appeals that the petition deals with newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h); see In re Jones, 226 F.3d 328, 330 (4th Cir. 2000). A prisoner cannot circumvent this rule by describing his petition as something other than one

---

[1] Petitioner appears to argue that he alleged his newly discovered claims in his original section 2255 petition. However, the court has reviewed petitioner's original section 2255 petition and finds that petitioner asserted only one claim–that his trial counsel was ineffective because he failed to argue that his prior three state convictions should have counted as one conviction pursuant to amendment 709 of the United States Sentencing Guidelines.

2

pursuant to § 2255, and this court has the responsibility to classify such a pleading according to its contents, not its caption. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). In order to qualify as a successive § 2255 petition, the first habeas petition must have been adjudicated on the merits. Harvey v. Horan, 278 F.3d 370, 380 (4th Cir. 2002). A dismissal pursuant to the statute of limitations is considered a dismissal on the merits. See Shoup v. Bell & Howell Co., 872 F.2d 1178, 1180 (4th Cir. 1989); see also Murray v. Greiner, 394 F.3d 78, 80-81 (2d Cir. 2005); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). Accordingly, a subsequent petition is barred absent the required certification.

Petitioner argues that he should be permitted to proceed with his successive § 2255 petition because 28 U.S.C. § 2244(b)(2) allows a petitioner to proceed on a claim if the factual predicate of the claim previously could not have been discovered through the exercise of due diligence. Petitioner argues that he is able to satisfy the requirements of § 2244(b)(2). However, § 2244 further provides that a successive application may not be filed in the district court without authorization from the relevant court of appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he sought authorization from the Fourth Circuit Court of Appeals to file a successive application. Therefore, petitioner has not met the requirements of § 2244(b)(3)(A), and has not demonstrated a meritorious claim or defense. Therefore, this court denies petitioner's request to file a second or successive § 2255 petition.

The court now considers whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). "A certificate

3

Case 7:07-cr-00042-FL   Document 470   Filed 09/20/10   Page 3 of 4

of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

In summary, petitioner's motion for reconsideration (DE # 452) and motion to amend (DE # 453) are DENIED. Also, the certificate of appealability is DENIED.

SO ORDERED, this 14th day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge