IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:07-CR-42-FL-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JAMES ADOLPH BROWN, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on petitioner's motion to correct error at sentencing (DE # 484) pursuant to Federal Rule of Criminal Procedure 36 and motion to appoint counsel. The matter is ripe for adjudication.

Rule 36 allows a court to correct a clerical error in its judgment, but does not apply to errors that are legal in nature. United States v. Postell, 412 F. App'x 568, *1 (4th Cir. Feb. 22, 2011) (citation omitted). Petitioner's motion is legal in nature because it challenges the validity of his sentence in that he asserts that his sentence was based upon an incorrect base offense level of thirty-two (32), when it should have been thirty (30). Petitioner further asserts that the incorrect base offense level was based upon the court using the incorrect drug amount of one hundred fifty (150) grams but less than five hundred (500) grams of cocaine based, instead of fifty (50) grams but less than one hundred fifty (150) grams of cocaine base.

Generally, a petitioner must challenge the legality of his conviction and sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to test

the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Petitioner filed a previous § 2255 motion that was dismissed as time barred.[1] It appears that petitioner's current petition is an attempt to circumvent § 2255(h)'s ban on second or successive motions, over which this court lacks jurisdiction. 28 U.S.C. § 2255(h) ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . .[either] newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.") The fact that petitioner cannot proceed under § 2255 unless he obtains authorization from the Fourth Circuit Court of Appeals does not alter this conclusion. See United States v. Hill, 398 F. App'x 919 (4th Cir. Oct. 22, 2010) (citing Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.")). Based upon the foregoing, petitioner's motion (DE # 484) is DISMISSED without prejudice, and petitioner's request for counsel also is moot.

SO ORDERED, this the 3rd day of October, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[1] A dismissal pursuant to the statute of limitations is considered a dismissal on the merits. See Shoup v. Bell & Howell Co., 872 F.2d 1178, 1180 (4th Cir. 1989); see also Murray v. Greiner, 394 F.3d 78, 80-81 (2d Cir. 2005); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003).

2